IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America | Cr. No. 3:07-377-CMC |
| v. | |
| Mark Devin Partman, | **Opinion and Order** |
| Defendant. | |

Defendant seeks relief pursuant to 28 U.S.C. § 2255, arguing that in light of the Supreme Court's holding in *Johnson v. United States*, 576 U.S. __, 135 S.Ct. 2551 (2015) and *Welch v. United States*, 578 U.S. __, 136 S.Ct. 1257 (2016), Defendant is no longer an armed career criminal and should be resentenced. ECF No. 58. The Government filed a response in opposition and a motion for summary judgment. ECF Nos. 61, 62. Defendant filed a response in opposition to summary judgment. ECF No. 66. This matter is ripe for resolution.

I.  **Background**

On April 3, 2007, Defendant was indicted on three counts of felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1), 924(a)(2), and 924(e). ECF No. 1. On February 4, 2008, Defendant entered into a plea agreement to plead guilty to one count. ECF No. 24. Defendant entered a guilty plea pursuant to the plea agreement the same day. ECF No. 26.

A Pre-Sentence Report (PSR) concluded Defendant was an armed career criminal under the Armed Career Criminal Act ("ACCA"), facing a mandatory minimum term of imprisonment of fifteen (15) years and a maximum term of life imprisonment. ECF No. 34. The PSR concluded Defendant's prior South Carolina convictions for failure to stop for a blue light and two counts of burglary were violent felonies, all of which qualified as predicate convictions for ACCA purposes.

*Id.* at ¶¶ 27, 28. The PSR also listed prior convictions for pointing and presenting firearms at a person (¶ 31) and multiple counts of armed robbery occurring on different days (¶ 32). With the ACCA enhancement and three point decrease for acceptance of responsibility, Defendant's total offense level was 30, criminal history category VI, resulting in a guideline range of 180-210 months. *Id.* at ¶ 72.

On June 20, 2008, Defendant appeared for sentencing. The court overruled oral objections to the PSR and sentenced Defendant to 180 months' imprisonment and a five-year term of supervised release. ECF No. 31. Defendant did not appeal his conviction or sentence.

Defendant filed an initial § 2255 motion on August 11, 2014. ECF No. 39. After full briefing, this court granted the Government's motion to dismiss. ECF No. 54. Defendant received permission from the Fourth Circuit to file a second or successive § 2255 motion, and filed the instant motion on May 25, 2016. ECF Nos. 57, 58.

## II. The ACCA

A conviction for felon in possession typically carries a statutory maximum sentence of ten years in prison. *See* 18 U.S.C. § 924(a)(2). However, if the accused has three or more previous convictions for certain types of felonies, he is subject to an enhanced minimum sentence of fifteen years imprisonment with a maximum term of life imprisonment. Title 18 U.S.C. § 924(e)(1) provides:

> In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, committed on occasions different from one another, such person shall be fined under this title and imprisoned not less than fifteen years . . . .

As is relevant to this case, the statute defines "violent felony" as

2

> any crime punishable by imprisonment for a term exceeding one year, or any act of juvenile delinquency involving the use or carrying of a firearm, knife, or destructive device that would be punishable by imprisonment for such term if committed by an adult, that– (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or (ii) is burglary, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of physical injury to another . . . .

18 U.S.C. § 924(e)(2)(B). The first clause, § 924(e)(2)(B)(i), is typically referred to as the "use of force" clause ("has as an element the use, attempted use, or threatened use of physical force against the person of another."). The first part of the second clause, § 924(e)(2)(B)(ii), lists specific offenses – burglary, arson, extortion, offenses involving use of explosives – and is commonly denoted as the "enumerated offense" clause. Finally, the portion of § 924(e)(2)(B)(ii) covering a conviction that "otherwise involves conduct that presents a serious potential risk of physical injury to another" is generally referred to as the "residual clause."

### a. *Johnson* and *Welch*

On June 26, 2015, the Supreme Court held the residual clause of the ACCA violates due process as it "denies fair notice to defendants and invites arbitrary enforcement by judges." *Johnson*, 576 U.S. at __, 135 S. Ct. at 2557. By holding the ACCA residual clause unconstitutionally vague, the Court narrowed the predicate offenses that could serve to enhance a sentence to those that qualify under the enumerated or force clauses. The ACCA residual clause can no longer support a defendant's classification as an armed career criminal. On April 18, 2016, the Supreme Court decided *Welch*, holding the newly established right recognized in *Johnson* retroactive to cases on collateral review. 578 U.S. __, 136 S.Ct. at 1259.

**III.  Discussion**

The PSR listed convictions for failure to stop for a blue light and second degree burglary as ACCA predicates. The Government concedes the burglary convictions no longer qualify after *Johnson*[1]; however, it argues Defendant has other convictions that do qualify: pointing and presenting and at least three counts of armed robbery. ECF No. 62. In response, Defendant argues the pointing and presenting and armed robbery convictions do not qualify under the ACCA force clause. ECF No. 66.

The Fourth Circuit has held that South Carolina robbery is a violent felony under the ACCA.[2] *United States v. Doctor*, 842 F.3d 306 (4th Cir. 2016). South Carolina courts define robbery as the "felonious or unlawful taking of money, goods, or other personal property of any value from the person of another or in his presence by violence or by putting such person in fear." *Id.* at 309 (citing *State v. Rosemond*, 589 S.E.2d 757, 758 (S.C. 2003)). The court examined cases defining and interpreting South Carolina law to conclude that robbery by either putting someone in fear or by actual violence satisfies the force clause by requiring the threat or use of "violent force." *Id.* at 312 ("South Carolina has defined its common law robbery offense, whether committed by means of violence or intimidation, to necessarily include as an element the 'use, attempted use, or threatened use of physical force against the person of another.'"). The court also

---

[1] *Mathis v. United States*, 579 U.S. __, 136 S. Ct. 2243 (2016) had not been decided at the time of briefing, yet cements this conclusion.

[2] *Doctor* noted "South Carolina strong arm robbery and common law robbery are synonymous terms for a common law offense whose penalty is provided for by statute." *Id.* at 308 n.1. Therefore, the Fourth Circuit simply referred to this offense as "South Carolina robbery" throughout the opinion.

rejected defense arguments that South Carolina robbery could be committed by violent force against property instead of a person, without an intentional use of force, and by using *de minimis* actual force (in contrast to North Carolina's common law robbery offense). Therefore, the court determined that South Carolina robbery "necessarily" has as an element the use, attempted use, or threatened use of physical force, and thus qualifies as a violent felony under the force clause of the ACCA. *Id.*

Following *Doctor*, the Fourth Circuit had occasion to consider whether South Carolina armed robbery under § 16-11-330(A) is a violent felony under the ACCA's force clause. In *United States v. Weston*, 681 F. App'x 235 (4th Cir. 2017), the court held "*Doctor* forecloses Weston's argument that his prior strong arm robbery and *armed robbery* convictions are not violent felonies under the ACCA's force clause. [3] *Id.* (emphasis added); *see also United States v. Scott*, 689 F. App'x 160, 161 (4th Cir. 2017) (holding armed robbery, which "includes all the elements of strong arm robbery," a violent felony under the ACCA force clause) (internal citations omitted); *United States v. Wise*, 701 F. App'x 279, 280-81 (4th Cir. 2017) (holding South Carolina armed robbery qualifies as a crime of violence requiring the threatened or actual use of physical force under the Sentencing Guidelines, because the lesser included offense of robbery involves at least the threatened use of physical force).

---

[3] South Carolina robbery, addressed in *Doctor*, is a lesser included offense of armed robbery. *State v. Mitchell*, 675 S.E.2d 435, 437 (S.C. 2009) ("Armed robbery occurs when a person commits robbery while either armed with a deadly weapon or alleging to be armed by the representation of a deadly weapon. S.C. Code. Ann. § 16-11-330. Included in armed robbery is the lesser included offense of robbery. . . ."); S.C. Code Ann. §§ 16-11-325, 330.

Defendant has at least three prior convictions for South Carolina armed robbery in violation of S.C. Code Ann. § 16-11-330(A). *See* ECF No. 61-1 – 61-5 (five total indictments for armed robbery). While it is likely the first three, all committed on January 13, 2007, were treated as one offense by the State (each of the three issued warrants and indictments list all three victims and have the same offense address), there remain two other convictions for armed robberies committed on January 15, 2007 and January 19, 2007. *Id.* These three separate convictions all qualify as predicate offenses under the ACCA. *See* § 924(e)(1) ("In the case of a person who violates section 922(g) of this title and has three previous convictions by any court referred to in section 922(g)(1) of this title for a violent felony or a serious drug offense, or both, *committed on occasions different from one another*, such person shall be fined under this title and imprisoned not less than fifteen years . . .") (emphasis added). Therefore, Defendant remains validly categorized as an armed career criminal.

## IV. Conclusion

As South Carolina armed robbery is a violent felony under the ACCA force clause, Defendant has three predicate offenses as required under the ACCA and remains an armed career criminal.[4] Therefore, Defendant's § 2255 motion is **denied**.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues

---

[4] The court declines to address the Government's arguments for dismissal.

satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED**.

s/Cameron McGowan Currie  
CAMERON MCGOWAN CURRIE  
Senior United States District Judge

Columbia, South Carolina  
August 2, 2018